UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD S. FREEMAN and SHAWN M.
FREEMAN, husband and wife,

    Plaintiffs,

vs.

NATIONSTAR MORTGAGE, L.L.C.,
a Michigan limited liability corporation,

    Defendant.

Civil Action No. 2:10-cv-11784-VAR-VMM

Honorable Virginia A. Roberts

Magistrate Judge Virginia M. Morgan

---

Patrick J. Politano (P56163)
Attorney for Plaintiffs
361 S. Water St., P.O. Box 117
Marine City, Michigan 48039
(810) 765-8804

Steven W. King (P56456)
Christyn M. Scott (P67485)
DYKEMA GOSSETT PLLC
Attorneys for Defendant
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI  48304-5086
(248) 203-0746 / Fax:  (248) 203-0763

---

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Nationstar Mortgage, L.L.C., ("Nationstar"), through its attorneys, Dykema Gossett PLLC, responds to Plaintiffs' Complaint as follows:

### General Allegations

1.    Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them as untrue.

2.    Nationstar admits that on June 15, 2007, Plaintiffs Ronald S. Freeman and Shawn M. Freeman, Husband and Wife, ("Plaintiffs") obtained a loan in the amount of $160,000 from Equity Mortgage Funding, Inc. (the "Loan") to refinance property located at 2440 Eastern

Avenue, Rochester Hills, MI 48307-4705 (the "Property"). In connection with the Loan, Plaintiffs also signed a Note (the "Note"). As security for the Loan, Plaintiffs gave a Mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Lender and its successors and assigns. Nationstar denies as untrue that it owns the Mortgage, and further states that it services the Mortgage on behalf of the beneficial owner of the Note.

3.      Nationstar admits that it is a Delaware limited liability company with a registered agent at 601 Abbot Road, East Lansing, MI 48823.

4.      Nationstar denies as untrue that Plaintiffs are entitled to equitable relief. Nationstar does not contest this Court's jurisdiction.

<u>The Property and the Foreclosure Sale</u>

5.      Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them as untrue.

6.      Nationstar admits that on June 15, 2007, Plaintiffs obtained the Loan to refinance the Property). In connection with the Loan, Plaintiffs also signed the Note. As security for the Loan, Plaintiffs gave a Mortgage to MERS, solely as nominee for Lender and its successors and assigns.

7.      Nationstar admits that an appraisal of the Property was conducted in 2007 for Equity Mortgage Funding, Inc., but denies that it was provided by and on behalf of Flagstar Bank, Inc. Moreover, Nationstar further states that on June 15, 2007, Plaintiffs signed a Uniform Residential Loan Application where Plaintiffs explicitly agreed that "neither Lender nor its agents, brokers, insurers, services, successors, and assigns has made any representation or

2

warranty, express or implied, to me regarding the property or condition *or value of the property*" (emphasis added).

8. Nationstar incorporates by reference its response to paragraph 7, above.

9. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them as untrue.

10. Denied as untrue. In further response, Nationstar states that it is the servicer of the Note and Mortgage, on behalf of the beneficial owner of the Note.

11. Nationstar admits that Plaintiffs may have attempted to obtain a loan modification, but denies that Plaintiffs were approved for a loan modification.

12. Denied as untrue.

13. Denied as untrue.

Count I

Declaratory Judgment

14. Nationstar incorporates all prior responses.

15. Denied as untrue. In further response, Nationstar states that it is the servicer of the Note and Mortgage, on behalf of the beneficial owner of the Note.

16. This paragraph is unintelligible and Nationstar is unable to answer. If Plaintiffs are inferring that Nationstar is unable to produce a copy of the original Note, then Nationstar denies as untrue this paragraph.

17. Nationstar incorporates its response to Paragraph 16, above.

18. Denied as untrue.

19. Denied as untrue.

20. Denied as untrue.

## Count II

### Fraud – Mortgage Note

21. Nationstar incorporates all prior responses.

22. Denied as untrue. In further response, Nationstar states that it is the servicer of the Note and Mortgage, on behalf of the beneficial owner of the Note.

23. Nationstar admits that it is not the holder of the Note, but states that it is the servicer of the Note and Mortgage, on behalf of the beneficial owner of the Note. To the extent that Plaintiffs are inferring that Nationstar is unable to produce a copy of the original Note, then Nationstar denies as untrue this paragraph.

24. Nationstar denies that it represented that it was the holder of the Note.

25. Denied as untrue.

26. Denied as untrue.

27. Denied as untrue.

28. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them as untrue. Nationstar denies as untrue any allegations of wrongdoing.

29. Denied as untrue.

Count III

Quiet Title

30. Nationstar incorporates by reference all prior responses.

31. Nationstar incorporates by reference its response to Paragraph 6, above.

32. Denied as untrue.

33. Nationstar denies that any action it has taken created a slander of title. In further response, Nationstar admits that it is not the holder of the Note, but that it is servicing the Note and Mortgage on behalf of the beneficial owner.

34. Denied as untrue.

Count IV

Fraud – Bad Faith Negotiation

35. Nationstar incorporates by reference all prior responses.

37. Nationstar admits that Plaintiffs may have attempted to obtain a loan modification, but denies that Plaintiffs were approved for a loan modification. Nationstar denies any allegation of wrongdoing.

38. Denied as untrue.

39. Denied as untrue.

40. Denied as untrue.

42. Denied as untrue.

43. Nationstar incorporates by reference its response to paragraph 37, above.

44. Denied as untrue.

WHEREFORE, Nationstar requests that this Court dismiss Plaintiffs' Complaint with prejudice, enter judgment in its favor, and award Nationstar the costs and attorneys fees it incurred in defending this action.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs failed to recognize any legal duty of Nationstar to Plaintiff.

3. Nationstar, as servicer on behalf of the beneficial owner of the Note, has a superior interest in the Property to the remaining parties to the above captioned litigation.

4. Nationstar relies on all applicable provisions of the Uniform Commercial Code.

5. Plaintiffs' damages, if any, were caused by their own negligence, acts and/or inactions and/or the negligence, acts and or/inactions of others, and Plaintiffs' damages, if any, were not proximately caused by any actions or inactions of Nationstar.

6. Any damages alleged by Plaintiffs were the result of superseding and/or intervening causes or were caused or contributory caused by the negligence and/or fault of others over whom Nationstar had no control, and such negligence and/or fault should be compared, thereby reducing or completely barring Plaintiff's alleged right to recover against Nationstar.

7. Nationstar complied with the requirements of all applicable contracts, statutes and regulations.

8. Plaintiff has failed to mitigate damages.

9. Nationstar, as service on behalf of the beneficial owner of the Note, has a security interest in the subject Property that has priority over the alleged interest of Plaintiffs.

10. Plaintiffs' claims are barred by res judicata and/or collateral estoppel.

11. Plaintiffs' claims are barred by the applicable statute of limitations.

12. Plaintiffs have not named all parties with an interest in the property.

13. Plaintiffs have failed to join all necessary parties.

14. Plaintiffs' claims are barred by estoppel, unclean hands and/or laches.

15. Plaintiff's claims are barred by waiver, release, payment, and/or discharge.

16. Plaintiffs' claims are barred by their breach of the Mortgage Contract.

17. Nationstar reserves the right to assert additional special and/or affirmative defenses, as they become known through discovery in this matter.

WHEREFORE, Nationstar requests that this Court dismiss Plaintiffs' Complaint with prejudice, enter judgment in its favor, and award Nationstar the costs and attorneys fees it incurred in defending this action.

7

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ Christyn M. Scott
   Stephen W. King (P56456)
   Christyn M. Scott (P67485)
   DYKEMA GOSSETT PLLC
   Attorneys for Defendant
   39577 Woodward Avenue
   Suite 300
   Bloomfield Hills, MI  48304
   (248) 203-0746
   Email: cscott@dykema.com

Dated: June 09, 2010

## CERTIFICATE OF SERVICE

    I hereby certify that on June 09, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys on that system, including the following:

Patrick J. Politano
361 S. Water St., P.O. Box 117
Marine City, Michigan 48039

By: /s/ Christyn M. Scott
Christyn M. Scott (P67485)
DYKEMA GOSSETT PLLC
Attorneys for Defendant
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI  48304
(248) 203-0746
Email: cscott@dykema.com

Dated:  June 09, 2010

BH01\1156704.1
ID\CMB - 084912/0026